UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD PACK and MICHELLE PACK,

       Plaintiffs,                         Civil Action No.
                                          10-CV-12125

vs.

MT. MORRIS CONSOLIDATED SCHOOLS,    PAUL D. BORMAN
                                                     UNITED STATES DISTRICT
                                                     JUDGE
JOHN PLOOF, DAVID MOORE, LISA HAGEL,
and ASHLIE BAIN,

       Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This is a civil rights case. Richard and Michelle Pack ("Plaintiffs") claim that Mt. Morris Consolidated Schools, Principal John Ploof, Assistant Superintendent David Moore, Superintendent Lisa Hagel, and Ashlie Bain (collectively, "Defendants") manipulated evidence in an investigation relating to allegations of misconduct by Plaintiff Richard Pack, and knowingly presented false evidence at an employment hearing that resulted in Plaintiff Richard Pack's termination from employment with Defendant Mt. Morris Consolidated Schools.

Plaintiffs have brought the following claims:

      (1) Violation of Plaintiff Richard Pack's due process rights under
      the Fifth and Fourteenth Amendments, pursuant to 42 U.S.C. §
      1983;

      (2) Tortious interference with a valid employment relationship;

      (3) Intentional infliction of emotional distress;

      (4) Loss of consortium (as to Plaintiff Michelle Pack only).

1

Plaintiffs filed their Complaint on May 27, 2010 (Dkt. No. 1), and Defendants filed their Answer (Dkt. No. 9) with the instant Motion to Dismiss (Dkt. No. 8) on August 10, 2010. Plaintiff responded on October 8, 2010 (Dkt. No. 14), and Defendants replied on October 29, 2010 (Dkt. No. 18). Oral argument was held on January 28, 2011.

For the reasons stated below, the Court will grant Defendants' Motion and dismiss Plaintiffs' Complaint.

## I.  BACKGROUND

For 12 years, Plaintiff Richard Pack ("Mr. Pack") was employed as a drafting and wood shop teacher at E.A. Johnson High School, which is operated by Defendant Mt. Morris Consolidated Schools (the "School District"). Throughout his tenure, the school district consistently received complaints that Mr. Pack gave preferential treatment to female students. These complaints ranged from preferential grading of female students to sexual harassment. (Defs.' Mot. Ex. 6 - Hr'g Tr. 396-420).

Mr. Pack was placed on administrative leave in February 2007 after Defendant Ashlie Bain's boyfriend raised concerns about Mr. Pack's behavior towards Defendant Bain. A school board member informed Defendant Lisa Hagel, the School District's superintendent, of the allegations made against Mr. Pack. Defendant Hagel asked Defendant John Ploof, the Principal at E.A. Johnson High School, to investigate. The investigation resulted in misconduct charges against Mr. Pack on August 27, 2007, which were approved by the school board on October 9, 2007.

Mr. Pack appealed the charges to the State Tenure Commission, which held a hearing before Administrative Law Judge ("ALJ") James R. Ward in April 2008. (Defs.' Mot. Ex. 6 -

Hr'g Tr.).  At that hearing, Defendant Bain testified that "[e]verybody knew" Mr. Pack gave girls "A"s (Hr'g Tr. 195).  She testified that Mr. Pack told her "that I just had to sit up in the front and look pretty and I'd be getting an A." (Hr'g Tr. 195).  Defendant Bain recalled that on one occasion while she was working on a project in his class, Mr. Pack "came up from behind me, and he grabbed onto my belt loops and pulled me back towards him and continued to rub his pelvic region on my behind." (Hr'g Tr. 196).  Defendant Bain testified that on another ocassion, Mr. Pack was "eavesdropping" on a conversation she had with a friend about getting her nipples pierced, and he later "asked me if he could see them." (Hr'g Tr. 199).  Defendant Bain further testified that Mr. Pack repeatedly hugged her "after class and during class and outside of class," and that "they weren't ordinary hugs[, but] were long enough and tight enough and, like – they were hugs that made me uncomfortable." (Hr'g Tr. 202).  Defendant Bain testified that during a fire drill, while the class was outside, Mr. Pack "grabbed his coat, and he wrapped it around me, came around the front, zipped it.  And after he zipped it he ran his hand across and touched my breast." (Hr'g Tr. 204-05).

On October 29, 2008, ALJ Ward filed a "Preliminary Decision and Order" finding that Mr. Pack's discharge was supported by reasonable and just cause.  (Defs. Mot. Ex. 1 - PDO (hereinafter, "PDO")).  ALJ Ward stated in this PDO:

> Critical to the determination of reasonable and just cause here is the determination of the credibility of the witnesses.  In my opinion, Student [Ashlie Bain's] testimony regarding Mr. Pack's conduct is truthful.  Student [Bain] has no reason to fabricate.  Student [Bain] only discussed Mr. Pack's conduct with the administration after Mr. Ploof investigated the concerns voiced by Student [Bain's] boyfriend.

(PDO at 20).  Mr. Pack appealed ALJ Ward's PDO on November 18, 2008, arguing in part that

3

Defendant Bain's testimony was unreliable and contradictory. The State Tenure Commission issued a "Decision and Order on Exceptions" on January 15, 2009, denying the appeal (Defs.' Mot. Ex. 2 - STC Decision (hereinafter, "Decision")), and stating: "We are not persuaded of error in the ALJ's assessment of [Ashlie Bain's] credibility." (Decision at 3). The State Tenure Commission addressed each of Mr. Pack's claimed inconsistencies, concluding:

> For all of these reasons, we find that the record amply supports a finding that [Ashlie Bain] was a credible witness. We disagree with appellant that her reports of his conduct were inconsistent or that her actions belied her claim of discomfort in appellant's classroom. Appellant's [argument] is therefore denied.

(Decision at 6).

Mr. Pack now alleges that Defendants violated his due process rights by knowingly presenting false testimony – namely, the testimony of Defendant Bain – at the State Tenure Commission hearing. Defendants have requested that the Complaint be dismissed under Rule 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal where a complaint fails "to state a claim upon which relief can be granted." This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949-50

4

(2009). The complaint must "permit the court to infer more than a mere possibility of misconduct[.]" *Id*. at 1950.

### III. ANALYSIS

As an initial matter, Plaintiffs in their Response stipulate to the dismissal of their intentional interference with an employment relationship claim. (Pls.' Resp. 4). Accordingly, the Court will dismiss Count II of the Complaint.

Defendants argue that Plaintiffs' claims are barred by res judicata and collateral estoppel. Pursuant to the Full Faith and Credit Act, 28 U.S.C. § 1738, the Court gives preclusive effect to a state court judgment if the state recognizes that judgment as preclusive. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). "Res judicata and the related concept of collateral estoppel (which refers to issue preclusion) are intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Drummond v. Com'r of Soc. Security*, 126 F.3d 837, 480 (6th Cir. 1997) (citation and internal quotation marks omitted). "Res judicata bars the relitigation of the same claim or cause of action while collateral estoppel bars the relitigation of the same issue." *Id*.

"Michigan has three requirements for collateral estoppel: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *McCormick v. Braverman*, 451 F.3d 382, 397 (6th Cir. 2006) (quoting *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 682-84 (2004)) (internal quotation marks omitted). Three additional requirements must be satisfied when collateral estoppel is sought on

the basis of an administrative decision: "The administrative determination must have been adjudicatory in nature and provide a right to appeal, and the legislature must have intended to make the decision final absent an appeal." *Nummer v. Treasury Dept.*, 448 Mich. 534, 542 (1995). Michigan courts have applied the doctrine of collateral estoppel to decisions by the State Tenure Commission. *Dearborn Heights School District No. 7 v. Wayne County MEA/NEA*, 233 Mich. App. 120, 128 (1999) (holding that collateral estoppel applied, and noting that "[i]f a teacher were allowed to relitigate a factual question previously decided by the commission, it would reduce the administrative process to a mere rehearsal[.]").

In the instant case, Plaintiffs are barred from relitigating the truthfulness of the evidence presented against Mr. Clark at the hearing before ALJ Ward, specifically the veracity of Defendant Bain's testimony. The factual issues were actually and thoroughly litigated before ALJ Ward. Mr. Clark was represented by an attorney and had an opportunity to cross examine every witness and introduce impeachment evidence. The same parties had a full and fair opportunity to litigate the issue, and did so both at the hearing and on appeal. There is also mutuality of estoppel, as Defendants would be bound by the State Tenure Commission's decision if it were determined that the evidence presented against Mr. Clark was not reliable.

The Complaint does not allege any new facts that were not previously argued and decided by ALJ Ward and the State Tenure Commission. *See Jones v. State Farm Mut. Auto Ins. Co.*, 202 Mich. App. 393, 401 (1993) (noting that preclusion should apply where "the same facts or evidence are essential to the maintenance of the two actions.").

Plaintiffs' conclusory claim puts Defendant Bain's testimony at the administrative hearing at issue. This issue was fully and fairly litigated and finally determined in the three-day,

10-witness administrative hearing. Accordingly, Plaintiffs' claim is barred by collateral estoppel.

### IV.  CONCLUSION

For the reasons stated above, the Court will:

(1) **GRANT** Defendants' Motion to Dismiss, and

(2) **DISMISS** the Complaint **WITH PREJUDICE**.

This is a final order and closes the case.

**SO ORDERED**


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 31, 2011.


S/Denise Goodine
Case Manager