UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD PACK and MICHELLE PACK,

       Plaintiffs,                         Civil Action No.
                                          10-CV-12125

vs.

                                          PAUL D. BORMAN
MT. MORRIS CONSOLIDATED SCHOOLS,       UNITED STATES DISTRICT
                                       JUDGE
JOHN PLOOF, DAVID MOORE, LISA HAGEL,
and ASHLIE BAIN,

       Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER**

On January 31, 2011, the Court dismissed this case pursuant to Defendants' motion

brought under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 19).  Now before the Court is

Plaintiffs' Motion to Reconsider, filed on February 13, 2011 (Dkt. No. 21).

Plaintiffs' Motion is brought under E.D. Mich. LR 7.1(h)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant
> motions for rehearing or reconsideration that merely present the same issues ruled
> upon by the court, either expressly or by reasonable implication. The movant
> must not only demonstrate a palpable defect by which the court and the parties
> and other persons entitled to be heard on the motion have been misled but also
> show that correcting the defect will result in a different disposition of the case.

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."

*Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).  "[A]

motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to

advance positions that could have been argued earlier but were not."  *Smith v. Mount Pleasant*

*Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

Plaintiffs first argue that the Court did not properly analyze their due process claim. Plaintiffs argue that the "Complaint clearly is claiming that the Defendants violated the Plaintiff Richard Pack's due process rights by knowingly offering perjured testimony at the hearing." (Pls.' Br. 5). In the January 31, 2011 Order, the Court found this claim was barred by collateral estoppel, stating: "Plaintiffs are barred from relitigating the truthfulness of the evidence presented against Mr. Pack at the hearing[.]" (Order at 6). The Court finds no palpable error in its analysis.

Plaintiffs also argue that their due process claim is based on *Mooney v. Holohan*, 294 U.S. 103 (1935), and subsequent cases. But *Mooney* and its progeny are distinguishable, because those cases involved admissions or other clear evidence of perjury that was discovered prior to the filing of the civil suit, and that provided a basis for challenging the prior judicial determination. Plaintiffs' counsel admitted at oral argument that there is no evidence or admission by Defendants that provides a basis for challenging the prior credibility determination. Rather, Plaintiffs are seeking discovery so that they may have a second chance to challenge the credibility of the evidence presented against Plaintiff Mr. Pack. Accordingly, Plaintiffs' due process claim is barred by collateral estoppel.

Plaintiffs next argue that the Court should have granted leave to amend the Complaint. But the Court need not grant leave to amend when "the infirmities in the original complaint [would] not [be] cured by the allegations in the amended complaint[.]" *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Because Plaintiffs' claims are barred by collateral estoppel, leave to amend would be futile.

Last, Plaintiffs request that the Court rule on their intentional infliction of emotional

distress claim, which is based on state law.  The Court did rule on this claim in its January 31,

2011 Order by dismissing Plaintiffs' Complaint and declining to remand, which is within this

Court's discretion.  *See* 28 U.S.C. § 1367(c).

Accordingly, for the reasons stated above, the Court will **DENY** Plaintiffs' Motion for

Reconsideration.


**SO ORDERED**



S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 22, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
February 22, 2011.


S/Denise Goodine
Case Manager